■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE ROGERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered November 6, 1985, convicting him of murder in the second degree and attempted robbery in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's claim on appeal that the three eyewitnesses to the murder of Gerald Myers chose him out of a lineup as 1 of the 2 assailants only because he was wearing a distinctive sweater was not raised before the hearing court, and it is therefore not preserved for our review *(see, People v Vasquez,* 66 NY2d 968, *cert denied* 475 US 1109). We agree with the hearing court's conclusion that the lineup was fair and non-suggestive and did not give rise to a risk of misidentification *(see, People v Mattocks,* 133 AD2d 89).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the defendant's conviction was supported by legally sufficient evidence. Upon the exercise of our factual review power, and bearing in mind that the credibility of witnesses and the weight to be accorded their testimony are generally matters for resolution by the jury *(see, People v Bauer,* 113 AD2d 543, *lv denied* 67 NY2d 648, 880), we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.