■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY BURNS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered April 29, 1986, convicting him of robbery in the second degree and assault in the second degree, upon a jury

verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant argues that evidence of the lineup identification should have been suppressed because there was a 2- to 3-inch variation in the height of the lineup participants. While it is well established that the participants in a lineup should have the same general physical characteristics *(see, Foster v California,* 394 US 440), there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance *(see, People v Rodriguez,* 124 AD2d 611). In view of the fact that all of the lineup participants were of similar age, skin tone, build, weight, hairstyle and dress as the defendant, the slight variation in their height did not render the lineup impermissibly suggestive or conducive to irreparable mistaken identification *(see, Stovall v Denno,* 388 US 293; *People v Brown,* 121 AD2d 460, *lv denied* 68 NY2d 767). Therefore, suppression of evidence of the lineup identification was properly denied.

In addition, we find no basis in the record for finding that the trial court abused its discretion with respect to the maximum sentence imposed or that this court should exercise its discretion by reducing the sentence *(see, People v Farrar,* 52 NY2d 302; *People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.