■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MEATLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered April 8, 1987, convicting him of attempted murder in the second degree, robbery in the first degree (nine counts), assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that his inculpatory statements were involuntarily made. However, the record shows that the defendant's statements, which were made after *Miranda* warnings were properly administered, were spontaneously uttered without custodial interrogation. Merely because the defendant's statements were made immediately after a remark by the arresting officer does not foreclose the finding of spontaneity where the officer's comment was declarative in nature and could not reasonably be construed as likely to elicit an incriminating response from the defendant *(see, People v Huffman,* 61 NY2d 795; *People v Bonacorsa,* 115 AD2d 546).

The defendant further contends that the lineup was unduly suggestive because he was the only one who wore his hair in dreadlocks. The law does not require that lineup fillers have the identical physical characteristics as the defendant. The fillers must merely possess physical characteristics reasonably similar to the accused *(see, People v Stephens,* 143 AD2d 692). The lineup was not suggestive because the police took reasonable steps to conceal the defendant's distinctive hairstyle by requiring the lineup participants to wear caps to cover their hair.

The defendant's other claims of error are unpreserved for appellate review or without merit *(see, People v Green,* 71 NY2d 1006; *People v Gonzalez,* 68 NY2d 424; *People v Farrar,* 52 NY2d 302; *People v Rogers,* 135 AD2d 588; *People v Allyn,* 92 AD2d 692). Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.