■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY LEWIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.),

rendered April 18, 1989, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of 20 years to life imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment to 12½ years to life imprisonment; as so modified, the judgment is affirmed.

Contrary to the defendant's contentions, we find that he was not deprived of a fair trial by the prosecutor's statements during summation. The great majority of the prosecutor's comments were not objected to, and where the objections were made and sustained, the defendant did not request curative instructions or move for a mistrial based on the prosecutor's remarks. Hence, any error of law with respect thereto is unpreserved for appellate review (see, *People v Tardbania,* 72 NY2d 852, 853; *People v Medina,* 53 NY2d 951, 953). In any event, the prosecutor's statements were proper comment on the issues of fact the jury had to decide and a proper response to the arguments raised by defense in summation (see, Penal Law § 265.03; *People v Galloway,* 54 NY2d 396; *People v Ashwal,* 39 NY2d 105).

The defendant's contention that the court should have instructed the jury that the two incidents were separate and distinct, and that evidence of guilt as to one of the incidents could not be considered as evidence of guilt as to the other incident, is unpreserved for appellate review since the defendant never requested such a charge at trial (see, *People v Thomas,* 50 NY2d 467, 471). In any event, any such charge would have been improper because the counts of the indictment were not severable (see, CPL 200.20 [2] [a], [b]; *People v Bongarzone,* 69 NY2d 892, 895; *People v Lane,* 56 NY2d 1; cf., *People v Harris,* 51 AD2d 937).

Finally, the sentence imposed was excessive to the extent indicated. Eiber, J. P., Rosenblatt, Miller and Ritter, JJ., concur.