■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERON DRAKE, Appellant. [611 NYS2d 906] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered February 19, 1992, convicting him of criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance

in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err in allowing the prosecutor to cross-examine the defendant and, subsequently, to recall and question as a rebuttal witness the undercover detective who had consummated both purchases (for which the defendant was convicted) about the substance of a conversation that the defendant and the detective had had a few days prior to the first purchase. Initially, the court precluded the prosecution from using the substance of the conversation in its case-in-chief and limited any questioning about this earlier meeting. However, while being questioned on cross-examination the defendant testified that, during an earlier stay in prison, he had seen the detective when he was a corrections officer. This testimony opened the door to the subject matter of the initial conversation between the defendant and the detective. Accordingly, it was proper for the prosecutor to expand his cross-examination of the defendant in this vein and to recall the detective as a rebuttal witness (see, People v Cade, 73 NY2d 904, 905; People v Wise, 46 NY2d 321; People v Rudolph, 134 AD2d 539).

The defendant's contention that the court should have instructed the jury that the two purchases were separate and distinct and that the evidence of guilt with regard to one of the purchases could not be considered evidence of guilt of the other purchase (see, 1 CJI[NY] 5.39, at 239) is unpreserved for appellate review (see, People v Thomas, 50 NY2d 467, 471), and, in any event, it is without merit (see, People v Lewis, 175 AD2d 885, 886; cf., People v Littlejohn, 125 AD2d 710; People v Harris, 51 AD2d 937).

The defendant's remaining contentions with respect to the propriety of the prosecutor's cross-examination of him and his numerous contentions regarding certain comments that the prosecutor made during his summation are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.