◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON POOLE, Appellant. [673 NYS2d 173] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered November 14, 1995, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the trial court improperly charged the jurors regarding their participation in the deliberation process (*see,* CPL 470.05 [2]; *People v Green,* 202 AD2d 186; *People v Udzinski,* 146 AD2d 245). In any event, this contention is without

merit, as the charge, viewed as a whole, merely exhorted the jurors to participate in the deliberation process, express their views, and listen to the views of the other jurors. It did not, as the defendant claims, place an "affirmative duty" on the jurors to explain or give reasons for their agreement or disagreement with fellow jurors (cf., People v Antommarchi, 80 NY2d 247).

Similarly without merit is the defendant's contention that the prosecutor's summation constituted reversible error. The prosecutor's remarks constituted an appropriate response to the defense counsel's summation (see, People v Lewis, 175 AD2d 885, 886; People v Singleton, 121 AD2d 752, 753).

There is no merit to the defendant's contention that the trial court improperly admitted into evidence the hearsay statements of a nontestifying bystander, as the challenged statements were admissible as evidence in chief under the "excited utterance" exception to the hearsay rule. The record amply demonstrates that the bystander was under the stress of excitement caused by an external startling event sufficient to still his reflective faculties at the time he uttered the statements (see, People v Caviness, 38 NY2d 227, 230-231). The evidence that the bystander had just witnessed a robbery, had run up to the police officers in an agitated state, out of breath, and waved his arms above his head, and had spoken "very fast" suggests that he was under the influence of excitement and lacked "the reflective capacity essential for fabrication" (see, People v Edwards, 47 NY2d 493, 497; People v Caviness, supra, at 232).

The defendant's remaining contentions are without merit. Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.