■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONTARI BRADLEY, Appellant. [704 NYS2d 262] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered June 11, 1996, convicting him of murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal

brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the lineup was unduly suggestive is without merit. The police took reasonable steps to conceal the defendant's distinctive hairstyle by requiring all of the lineup participants to wear their visored caps turned backwards (*see, People v Walker,* 215 AD2d 607; *People v Meatley,* 162 AD2d 721, 722). Any disparity in the heights of the lineup participants was remedied by the fact that they were seated during the identification procedure (*see, People v Garcia,* 215 AD2d 584, 585). Moreover, the witnesses who identified the defendant were kept in separate rooms before the separate identification procedures.

The defendant's contention that the verdict was against the weight of the evidence is based solely on allegations concerning the credibility of the witnesses. The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contention concerning the court's charge to the jury is not preserved for appellate review (*see,* CPL 470.05 [2]). In any event, the charge, when considered as a whole, accurately conveyed the correct standard to the jury (*see, People v Fields,* 87 NY2d 821, 823; *People v Canty,* 60 NY2d 830, 832). Mangano, P. J., Thompson, Altman and Luciano, JJ., concur.