■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALMEIN CAIN, Appellant. [708 NYS2d 413] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered November 24, 1997, convicting him of murder in the second degree (eight counts), attempted murder in the second degree, robbery in the first degree (five counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Appelman, J.), of the defendant's motion to suppress identification evidence.

Ordered that the judgment is affirmed.

As conceded by the defendant, the loss of the lineup photograph sometime after trial does not give rise to an inference that the lineup was suggestive. The hearing court had the opportunity to view the photograph and determined that it was not suggestive (*see, People v Miller,* 199 AD2d 422; *People v Robert,* 184 AD2d 597). Moreover, contrary to the defendant's contention, the People met their initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in the pretrial identification procedures (*see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833). The defendant, whose counsel raised no objection to the composition of the lineup (*see, People v Eldridge,* 213 AD2d 667; *People v Green,* 143 AD2d 768), failed to satisfy his ultimate burden of proving that the identification procedure was unduly suggestive (*see, People v Chipp,* 75 NY2d 327, *supra*). Bracken, J. P., Ritter, Santucci and S. Miller, JJ., concur.