■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS CARIOLA, Appellant. [715 NYS2d 162] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered November 4, 1999, convicting him of rape in the first degree, sexual abuse in the first degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention of prosecutorial misconduct during the closing statement is largely unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the challenged comments do not require reversal. A prosecutor has broad latitude during summation, particularly when responding to the defense counsel's summation (*see, People v Galloway,* 54 NY2d 396). The prosecutor's remarks were either fair response to the defense counsel's summation or a fair comment on the trial testimony (*see, People v Rosario,* 195 AD2d 577; *People v Rivera,* 158 AD2d 723).

The trial court providently exercised its discretion in denying the defendant's request for a mistrial when the jury indicated that it was at a standstill (*see, Matter of Plummer v Rothwax,* 63 NY2d 243, 251).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review (*see,* CPL 470.05 [2]). Bracken, J. P., Thompson, Altman and McGinity, JJ., concur.