■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALMEIN CAIN, Appellant. [741 NYS2d 453] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 10, 2000 (*People v Cain,* 271 AD2d 542), affirming a judgment of the Supreme Court, Queens County, rendered November 24, 1997.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Ritter, J.P., Santucci, Altman and S. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CARTAGENA, Appellant. [741 NYS2d 454] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 16, 2000 (*People v Cartagena,* 276 AD2d 636), affirming a judgment of the Supreme Court, Queens County, rendered December 4, 1997.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Ritter, J.P., Feuerstein, Smith and H. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHI FONG CHEN, Appellant. [741 NYS2d 439] —Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered June 29, 1999, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to defendant's contention, he was not deprived of the effective assistance of counsel at trial (*see People v Benevento,* 91 NY2d 708; *People v Flores,* 84 NY2d 184; *People v Roman,* 288 AD2d 495).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80). Ritter, J.P., Feuerstein, Goldstein and Cozier, JJ., concur.