◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS NIEVES, Appellant. [767 NYS2d 913]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered May 30, 2002, convicting him of rape in the first degree, sexual abuse in the first degree and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant challenges various questions posed by the prosecutor during her cross-examination of him and comments made during summation, and contends that the cumulative effect of the alleged prosecutorial misconduct constituted reversible error. The questions or comments the defendant now challenges are unpreserved for appellate review as they were not objected to at the trial (*see* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953 [1981]; *People v Sherwood,* 279 AD2d 486 [2001]; *People v Portis,* 141 AD2d 773 [1988]). In any event, a prosecutor "has broad latitude" in responding to the defense counsel's summation or commenting on the trial testimony (*People v Cariola,* 276 AD2d 800 [2000]). Here, the prosecutor's remarks either were fair response to the defense counsel's summation or fair comment on the trial testimony (*see People v Cariola, supra*). The prosecutor's cross-examination of the defendant and comments during summation were not unduly prejudicial (*see People v Lowery,* 281 AD2d 491 [2001]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Florio, J.P., Friedmann, Townes and Cozier, JJ., concur.