■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE KIRBY, Appellant. [824 NYS2d 419]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered December 18, 2003, convicting him of robbery in the first degree (five counts) and robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress lineup identification evidence.

Ordered that the judgment is affirmed.

The hearing court properly declined to suppress the lineup identification evidence (*see People v Chipp,* 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]; *People v Cain,* 271 AD2d 542, 543 [2000]). While lineup participants should share the same general physical characteristics (*see People v Robert,* 184 AD2d 597, 598 [1992]; *People v Burns,* 138 AD2d 614, 615 [1988]), there is no requirement that a defendant in a lineup be surrounded by persons who are nearly identical in appearance (*see People v Green,* 14 AD3d 578 [2005]; *People v Nieves,* 183 AD2d 854, 856 [1992]). The police took reasonable steps to conceal the defendant's dreadlocks by requiring all of the lineup participants to wear matching baseball caps (*see People v Barnett,* 277 AD2d 323, 324 [2000]; *People v Bradley,* 268 AD2d 591, 592 [2000]; *People v Walker,* 215 AD2d 606 [1995]; *People v Meatley,* 162 AD2d 721 [1990]).

The defendant failed to preserve for appellate review his challenges to various remarks made by the prosecutor during sum-

mation, as he did not object to such remarks at the trial (*see* CPL 470.05 [2]; *People v Nieves,* 2 AD3d 539, 540 [2003]). In any event, the challenged remarks were within the bounds of fair response to the defense counsel's summation (*see People v Almonte,* 23 AD3d 392, 394 [2005]; *People v Horne,* 6 AD3d 549 [2004]).

The defendant's contention that the court should have instructed the jury that the incidents were separate and distinct, and that evidence of guilt as to one of the incidents could not be considered as evidence of guilt as to the other incidents, is similarly unpreserved for appellate review since the defendant never requested such a charge at trial (*see People v Robbins,* 239 AD2d 526 [1997]; *People v Vega,* 237 AD2d 394 [1997]; *People v Drake,* 204 AD2d 479, 480 [1994]; *People v Lewis,* 175 AD2d 885, 886 [1991]). In any event, in light of the overwhelming evidence of guilt with regard to each incident, the court's failure to so charge is harmless error (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Vega, supra*).

Contrary to the defendant's contention, the procedure under which he was sentenced as a persistent felony offender did not violate his Sixth Amendment rights (*see People v Rivera,* 5 NY3d 61 [2005], *cert denied* US , 126 S Ct 564 [2005]; *People v Rosen,* 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *People v Jordan,* 21 AD3d 1039 [2005]; *People v Perry,* 19 AD3d 619 [2005]).

The imposition of consecutive sentences was proper because the defendant committed separate acts, and none of the acts was a material element of another (*see* Penal Law § 70.25 [2]; *People v Jackson,* 19 AD3d 614, 615 [2005]). Moreover, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.