OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
Following a jury trial, defendant was convicted of injuring an animal (Agriculture and Markets Law former § 353) in that he shot and killed an 11-month-old Labrador retriever dog that had wandered into his backyard. Defendant, who was trained in martial arts, observed the dog in his backyard and went into his house to retrieve a loaded handgun. The defendant then returned to the yard and shouted at the dog to leave. When the dog failed to do so, defendant shot it twice in the head.
On this appeal, defendant contends that the jury charge on the central defense issue of justification was inadequate in that it failed to clearly and completely define the legal concept of justification; that the prosecutor improperly elicited prejudicial and irrelevant testimonial evidence, and delivered a prejudicial summation, thereby depriving defendant of a fair trial; and that the court erred in admitting into evidence a photograph of the dog when it was younger.
A charge may be deemed sufficient and substantially correct, even though it contains phrases which, isolated from their context, seem erroneous (People v Ladd, 89 NY2d 893, 895 [1996]). The test is whether the jury, hearing the whole charge, would gather from its language the correct rules which should be applied in arriving at a decision (People v Russell, 266 NY 147, 153 [1934]). In the case at bar, the court’s charge as to the defense of justification was not misleading and contained an ad *76 equate statement of the law to guide the jury in rendering a verdict (see Penal Law § 35.05; United States v Park, 421 US 658, 674-675 [1975]). We note that the defendant failed to preserve for appellate review (see CPL 470.05 [2]) his contention that the court erred in failing to charge the principles underlying Penal Law § 35.15, insofar as they related to the jury’s consideration of defendant’s state of mind in determining whether he was justified in his actions. In any event, said contention lacks merit as Penal Law § 35.15 is only applicable in instances where physical force is used by one person against another.
Defendant’s contention that the prosecution, in its questioning of both the People’s witnesses and defendant, elicited prejudicial testimonial evidence designed to obtain the sympathy of the jury and establish the dog’s docile character was not preserved for appellate review as defendant failed to register any objection with respect thereto (see CPL 470.05 [2]).
Defendant’s claims of error with respect to the prosecutor’s cross-examination of defendant and her redirect examination of defendant’s former girlfriend are without merit because they are either unsupported by the record or because the questions posed constituted proper subjects of inquiry.
Defendant’s contention that the prosecutor’s summation included inflammatory remarks, which made her an unsworn witness and influenced the jury, thereby requiring reversal of his conviction, was not raised in the court below and is therefore not preserved for appellate review (see CPL 470.05 [2]; People v Bynum, 70 NY2d 858 [1987]). Even if the issue had been preserved for appellate review, reversal would not be warranted. Isolated instances of prosecutorial misconduct on summation are insufficient to justify reversal in the absence of an “obdurate pattern of inflammatory remarks throughout the prosecutor’s summation” (People v Ortiz, 116 AD2d 531, 532 [1986]), or unless the prosecutorial misconduct is so “pervasive, so egregious” and the “prosecutor’s disregard of the court’s rulings and warnings is . . . deliberate and reprehensible” (People v Sandy, 115 AD2d 27, 28 [1986]). The essential question is whether, upon consideration of the entire record, defendant has been deprived of his fundamental right to a fair trial (see People v Arce, 42 NY2d 179, 191 [1977]; cf. People v Jorge, 171 AD2d 498 [1991]). A prosecutor has broad latitude in responding to defense counsel’s summation or commenting on the trial testimony (People v Nieves, 2 AD 3d 539 [2003], lv denied 1 NY3d 599 *77 [2004]). Here, the prosecutor’s comments regarding defendant unjustifiably killing the dog, her reference to the dog “Chief’ as beloved by its owners, together with her reference to defendant’s pride in his martial arts experience, were fair comments on the testimony at trial and in response to defense counsel’s summation (People v Nieves, 2 AD3d 539 [2003], supra; People v Cariola, 276 AD2d 800 [2000], lv denied 95 NY2d 961 [2000]).
Finally, as to the admission into evidence of the photograph of the dog taken a few months prior to the incident, since there was overwhelming evidence of defendant’s guilt, and no reasonable possibility that the admission of said photograph contributed to defendant’s conviction, the error, if any, was harmless (see People v Crimmins, 36 NY2d 230 [1975]; People v Jafer, 13 Misc 3d 137[A], 2006 NY Slip Op 52216[U] [App Term, 9th & 10th Jud Dists 2006]).
In view of the foregoing, the judgment of conviction is affirmed.
Rudolph, EJ., McCabe and Tanenbaum, JJ., concur.