■ The People of the State of New York, Respondent, v Craig Phipps, Appellant. [854 NYS2d 781]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered December 6, 2005, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court providently exercised its discretion in admitting into evidence testimony of a 14-year-old prosecution witness who participated in the crime that she had a sexual relationship with the defendant and had carried guns for him. "Although not admissible to show a defendant's general criminal propensity, evidence of a defendant's past uncharged criminal behavior may be admitted if it is relevant to a material aspect of the People's direct case, or because of some recognized exception to the rule, such as motive, intent, mistake of fact, common scheme or plan, or the identity of the defendant" (*People v Wright,* 288 AD2d 409, 410 [2001]; *see People v Alvino,* 71 NY2d 233, 241 [1987]; *People v Santarelli,* 49 NY2d 241 [1980]; *People v Molineux,* 168 NY 264, 293 [1901]). Here, evidence of the relationship was relevant to both the defendant's intent and the nature of his involvement in the crime, its probative value outweighed the potential prejudice to the defendant, and the court gave an appropriate limiting instruction (*see People v Satiro,* 72 NY2d 821, 822 [1988]; *People v Clink,* 32 AD3d 862, 863 [2006]; *People v James,* 19 AD3d 616, 616-617 [2005]).

The defendant's contention that the prosecutor's summation denied him due process and a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Nieves,* 2 AD3d 539, 540 [2003]). In any event, a review of the challenged comments reveals that they were either fair comment on the evidence adduced at trial or responsive to defense counsel's summation (*see People v McHarris,* 297 AD2d 824, 825 [2002]; *People v Cariola,* 276 AD2d 800 [2000]). Rivera, J.P., Spolzino, Dillon and Balkin, JJ., concur.