**Marco LAVAYEN, Petitioner–
Appellant,**

**v.**

**George DUNCAN, Respondent–
Appellee.**

No. 07–3002–pr.

United States Court of Appeals,
Second Circuit.

Feb. 24, 2009.

Will Page (Edna Guerrasio, Garrett Ross, Law Interns; Ursula Bentele, of counsel, on the brief), BLS Legal Services, Inc., Brooklyn, NY, for Petitioner.

Sholom J. Twersky, Assistant District Attorney (Leonard Joblove, Jodi L. Mandel, Assistant District Attorneys, on the brief), for Charles J. Hynes, District Attorney for Kings County, Brooklyn, NY, for Respondent.

PRESENT: Hon. REENA RAGGI,
Hon. PETER W. HALL, Circuit Judges,
Hon. GERARD E. LYNCH, District
Judge.[1]

## SUMMARY ORDER

Marco Lavayen appeals the denial of his 28 U.S.C. § 2254 petition to vacate his New York State conviction for second-degree murder, *see* N.Y. Penal Law § 125.25[2]. The parties' briefs address the single issue on which the district court granted a certificate of appealability, *i.e.*, the purported ineffectiveness of Lavayen's trial counsel. *See* Order, *Lavayen v. Duncan*, No. 02–cv–0035 (E.D.N.Y. June 20, 2007). In addressing that issue, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision.

### 1. *Standard of Review*

We review the district court's denial of Lavayen's § 2254 petition *de novo, see Bell v. Miller*, 500 F.3d 149, 154 (2d Cir.2007), affording AEDPA deference to the state court's merits-based rejection of Lavayen's ineffective assistance claim, *see* 28 U.S.C. § 2254(d)(1); *Jimenez v. Walker*, 458 F.3d 130, 145 (2d Cir.2006). The touchstone of our deferential review is *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires a defendant complaining of ineffective assistance to show (1) that his counsel's performance was objectively unreasonable, *see id.* at 687, 104 S.Ct. 2052, and (2) that, "but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052. *Strickland's* burden is a heavy one because the law indulges a "strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052.

Because we conclude that Lavayen has not carried his *Strickland* burden, we necessarily conclude that his habeas claim fails under AEDPA. *See Bell v. Cone*, 535 U.S. 685, 693–94, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (holding that AEDPA requires habeas petitioner to demonstrate that state court unreasonably applied clearly established Supreme Court precedent).

### 2. *The Ineffective Assistance Claim*

Lavayen faults counsel's performance in three respects: his failure (1) to exploit ballistics evidence suggesting that more than two guns (and, therefore, more than one shooter) were involved in events relating to the charged murder, (2) to elicit evidence that another person had been identified as the shooter of the murder victim, and (3) to impeach prosecution witness Merrick Morgan with various inconsistent statements. The argument is unconvincing.

#### a. *Ballistics Evidence*

■ Lavayen's argument that defense counsel failed adequately to exploit ballistics evidence is belied by the record. On cross-examination, defense counsel secured testimony from one police expert that "three to four handguns" were involved in the events at issue and testimony from another police expert that "a minimum of six weapons" were used. With these admissions on the record, it was not objectively unreasonable for counsel to have foregone extended inquiry into individual pieces of ballistics evidence simply to reinforce the same point.

To the extent Lavayen faults counsel for not objecting to the prosecution's summa-

1. The Honorable Gerard E. Lynch, of the United States District Court for the Southern District of New York, sitting by designation.

**470**

tion about the number of guns fired, we identify no constitutional ineffectiveness. The government's statement that the ballistics evidence proved that only two weapons were fired inside the club where the victim was killed was argument. In his own summation, defense counsel had already highlighted for the jury the detectives' statements indicating that three to six guns had been fired. Further, he had urged the jury to conclude from those admissions as well as evidence of the recovery site of the ballistics evidence that the shooters were likely to have been club employees, the only persons on the scene who had not been frisked prior to entering the premises. On this record, we cannot conclude that the prosecutor's statement was so patently erroneous and prejudicial as to impose a constitutional obligation on defense counsel to object. *See United States v. Cohen,* 427 F.3d 164, 170 (2d Cir.2005) ("[A]bsent any prejudicial error in the Government's summation, the failure ... to raise an otherwise futile objection could not have rendered counsel ineffective."); *cf. People v. Nieves,* 2 A.D.3d 539, 540, 767 N.Y.S.2d 913, 914 (2d Dep't 2003) ("[A] prosecutor has broad latitude in responding to the defense counsel's summation or commenting on the trial testimony." (internal quotation marks omitted)).

### b. *Identification Evidence*

█ Lavayen submits that counsel was objectively unreasonable in failing to ad-

duce evidence that a person other than petitioner had been identified as the shooter. The argument focuses primarily on the identification made by Hu Len Ginn.[2]

"[T]he tactical decision of whether to call specific witnesses—even ones that might offer exculpatory evidence—is ordinarily not viewed as a lapse in professional representation." *United States v. Schmidt,* 105 F.3d 82, 90 (2d Cir.1997); *accord Greiner v. Wells,* 417 F.3d 305, 323 (2d Cir.2005). No different conclusion is warranted in this case, because Ginn's testimony presented certain concerns for the defense. Notably, although Ginn identified a person other than the defendant as the fatal shooter, his account corroborated the prosecution theory in two respects: (1) that Lavayen was at the scene of the murder; and (2) that just one person was firing a gun. This evidence would necessarily have precluded the defense from arguing that the prosecution could not prove beyond a reasonable doubt (1) Lavayen's presence at the murder site, or (2) who among three to six shooters actually killed the victim. *See generally Mills v. Scully,* 826 F.2d 1192, 1197 (2d Cir.1987) (rejecting claim that counsel was constitutionally ineffective in not offering evidence that could be disadvantageous to defendant). Defense counsel's unwillingness to sacrifice these arguments to secure Ginn's testimony cannot be deemed objectively unreasonable in light of the significant grounds to impeach Ginn's identification: (1) his longtime friendship with Lavayen, (2) his serious criminal record, and (3) inconsistencies

---

**2.** To the extent two other persons identified someone other than Lavayen as the shooter, we cannot conclude that it was objectively unreasonable for counsel not to have called the witnesses in light of evidence indicating that they were not, in fact, on the scene at the time of the fatal shooting. *See Sacco v. Cooksey,* 214 F.3d 270, 274 (2d Cir.2000) (holding that counsel not obliged to call witnesses who are themselves impeachable). To the extent

Lavayen faults counsel for failing to elicit these persons' identifications from a police witness, he fails to demonstrate that such hearsay evidence would have been admissible. *See Lynn v. Bliden,* 443 F.3d 238, 252–53 (2d Cir.2006) (deferring to state-court rejection of ineffectiveness claim where un-introduced evidence could have constituted inadmissible hearsay).

in his account of the shooting. *See Sacco v. Cooksey,* 214 F.3d 270, 274 (2d Cir.2000). Indeed, the possibility of Ginn's impeachment was of particular concern in this case because Morgan, the prosecution witness who identified Lavayen, had no record and no motive to make a false identification. Moreover, the inconsistencies in Morgan's statements to the police were far less significant than Ginn's.

On this record, we cannot conclude that the state court unreasonably applied established Supreme Court precedent in failing to identify constitutional error in defense counsel's decision not to sacrifice an otherwise reasonable defense strategy by calling Ginn to identify someone other than Lavayen as the shooter.

### c. *Impeachment of Morgan*

■ Lavayen asserts that counsel's failure to impeach prosecution witness Morgan with evidence of prior inconsistent statements demonstrates constitutional error. We disagree. The decision "whether to engage in cross-examination, and if so to what extent and in what manner" is generally viewed as a strategic decision left to the sound discretion of trial counsel. *Dunham v. Travis,* 313 F.3d 724, 732 (2d Cir.2002) (internal quotation marks omitted). In approximately 50 pages of cross and re-cross examination, counsel elicited testimony that cast doubt on Morgan's ability to see both generally the events relating to the shooting and particularly the face of the shooter. Viewed against this record, we identify no constitutional error in counsel's failure to pursue further cross-examination based on relatively small inconsistencies in prior descriptions of the shooter. *See generally Kimmelman v. Morrison,* 477 U.S. 365, 386, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (recognizing general propriety of considering counsel's overall performance in assessing alleged omission).

In sum, because Lavayen has failed to demonstrate that trial counsel's representation fell outside the broad range of conduct considered objectively reasonable, he cannot show that the state court's rejection of his Sixth Amendment challenge to his conviction was unreasonable under established Supreme Court precedent so as to warrant habeas relief.

Accordingly, the judgment of the district court is AFFIRMED.