THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADALBERTO MARQUEZ, Appellant. [919 NYS2d 355]—

The defendant contends that the verdict was against the

weight of the evidence in light of, inter alia, certain alleged inconsistencies and other weaknesses in the complainant's testimony, the jury's verdict acquitting the defendant of some of the charged crimes, and the absence of any forensic evidence supporting the complainant's account of the incident underlying the prosecution. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim that the first count of the indictment was rendered duplicitous by the complainant's testimony has been rendered academic in light of the defendant's acquittal on that count and on the other counts related to the first part of the incident (*see People v Haberer*, 24 AD3d 1283 [2005]). Further, the defendant failed to preserve for appellate review his remaining claims regarding the testimony about the first part of the incident, inasmuch as he did not raise those claims with specificity before the trial court (*see* CPL 470.05 [2]). In any event, those claims are without merit.

The defendant concedes that he failed to preserve for appellate review his claims regarding the admission of testimony about the complainant's statements to her mother and to the police shortly after the incident. In any event, contrary to the defendant's claim, the admission of this testimony did not deprive him of a fair trial (*see* CPL 470.15 [6] [a]; *cf. People v McDaniel*, 81 NY2d 10 [1993]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.