■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL KINARD, Appellant. [946 NYS2d 504]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Grella, J.), rendered April 20, 2011, convicting him of robbery in the first degree (nine counts), robbery in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), assault in the second degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the verdict was against the weight of the evidence in light of, inter alia, certain alleged inconsistencies in the testimony of the People's witnesses. Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Delamota*, 18 NY3d 107, 116-117

[2011]; *People v Romero*, 7 NY3d 633 [2006]; *People v Marquez*, 82 AD3d 1123, 1123-1124 [2011]; *People v Brookins*, 184 AD2d 567 [1992]).

The defendant's contention that various comments made by the prosecutor during his summation were improper and require reversal is unpreserved for appellate review, as the defendant did not object to any of the remarks at issue (*see People v Lee*, 34 AD3d 696 [2006]; *People v Nieves*, 2 AD3d 539, 540 [2003]). In any event, most of the challenged remarks constituted fair comment on the evidence or were responsive to defense counsel's summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Thompson*, 81 AD3d 670, 672-673 [2011], *lv granted* 18 NY3d 998 [2012]; *People v Nieves*, 2 AD3d at 540; *People v Spivey*, 305 AD2d 135 [2003]). To the extent that any of the challenged remarks were improper, they constituted harmless error (*see People v Thompson*, 81 AD3d at 673; *People v Franklin*, 64 AD3d 614, 615 [2009]; *People v Lee*, 34 AD3d at 697).

Contrary to the defendant's contention, the Supreme Court, which was entitled to rely on its own observations of and interactions with the defendant, providently exercised its discretion in denying the defendant's application for a competency examination (*see* CPL 730.30 [1]; *People v Morgan*, 87 NY2d 878, 879-880 [1995]; *People v Tejada*, 36 AD3d 455, 456 [2007]; *People v Jordan*, 21 AD3d 1039 [2005]). Dillon, J.P., Balkin, Belen and Chambers, JJ., concur.