■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS BABON, Appellant. [960 NYS2d 169]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered February 3, 2012, convicting him of course of sexual conduct against a child in the first degree, rape in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the prosecution

established by a preponderance of the evidence that venue was proper in Dutchess County (*see* CPL 20.40 [1]; *People v Greenberg*, 89 NY2d 553, 555-556 [1997]; *People v Ribowsky*, 77 NY2d 284, 291-292 [1991]).

The defendant's contention that the evidence was legally insufficient to establish that sexual conduct occurred over a period of time not less than three months in duration prior to the complainant's thirteenth birthday, as required for a conviction of course of sexual conduct against a child in the first degree under Penal Law § 130.75 (1) (b), is unpreserved for appellate review, as the defendant first raised this contention in a postverdict motion (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Padro*, 75 NY2d 820, 821 [1990]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish beyond a reasonable doubt that the defendant engaged in oral sexual conduct with the complainant for a period of time of not less than three months in duration prior to the complainant's thirteenth birthday (*see* Penal Law §§ 130.00 [2] [a]; 130.75 [1] [b]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt with respect to course of sexual conduct against a child in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

The County Court providently exercised its discretion in denying the branch of the defendant's motion which was to redact certain portions of audio recordings in which the complainant and the defendant discussed, inter alia, the defendant's prior conduct, as those portions were relevant and admissible to establish the defendant's guilt of endangering the welfare of a child. This evidence was necessary to complete the narrative of the events alleged with respect to the count of endangering the welfare of a child, to provide necessary background information on the nature of the relationship between the defendant and the complainant, and to place the charged conduct in context (*see* Penal Law § 260.10; *People v Thomas*, 17 NY3d 923, 929 [2011]; *People v Dorm*, 12 NY3d 16, 19 [2009]; *People v World*, 89 AD3d 966, 967 [2011]; *People v McKean*, 89 AD3d 866, 867 [2011]; *People v Khan*, 88 AD3d 1014 [2011]; *People v Phipps*, 50 AD3d 929, 930 [2008]; *People v Martin*, 41 AD3d 616, 617 [2007]). Moreover, the probative value and the need for the evidence outweighed any potential undue prejudice to the defendant (*see People v Khan*, 88 AD3d at 1015; *People v Moore*, 50 AD3d 926, 927 [2008]).

The defendant's contention, in effect, that the count of endangering the welfare of the a child was jurisdictionally defective on the ground that it was vague was raised for the first time in his reply brief and, thus, is not properly before this Court. The defendant's remaining contentions are without merit. Rivera, J.P., Chambers, Hall and Miller, JJ., concur.