■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ROBERTO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 21, 1978, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Testimony at the trial indicated that an undercover officer paid the defendant in advance for the drugs to be purchased. While waiting for delivery at the service station where the defendant was employed, the officer engaged defendant in conversation. Over objection, the officer testified that the defendant told him "that he just sent four kilos of heroin to Detroit." It is well settled that evidence of prior uncharged crimes is not admissible to demonstrate a propensity to commit a crime (People v Fiore, 34 NY2d 81, 84; People v Dales, 309 NY 97, 101; Coleman v People, 55 NY 81, 90). Even if the uncharged crime was probative of an issue in the case, a conviction may, nevertheless, be reversed if the prejudicial effect outweighs its probative value (People v McKinney, 24 NY2d 180, 184; People v Molineux, 168 NY 264, 291-294). In this case, the testimony concerning the uncharged sale was not probative of the crime charged, was not interwoven with this crime, and was not necessary to complete the officer's narrative (see People v Buchalter, 289 NY 181, 217, affd 319 US 427; People v Mitchell, 40 AD2d 117). The prejudice to the defendant was compounded by the fact that earlier in the trial the prosecutor had elicited testimony from which the jury could reasonably have inferred that this defendant was a "major violator". Thus, what developed was an apparently calculated attempt to bolster the case against the defendant through the introduction of prejudicial and highly inflammatory irrelevant evidence. We also note with disapproval the manner in which the Trial Judge sealed the courtroom, without a hearing, at the request of the prosecutor, to preserve the anonymity of the undercover officer. Both a defendant and the public at large have a strong interest in preserving the right to a public trial (US Const, 6th Amdt; Judiciary Law, § 4; People v Jelke, 308 NY 56). Public trials preserve fairness in dealing with defendants and provide information to the public about the criminal justice system. Although a Trial Judge has discretion to exclude the public, or portions thereof, to preserve order and protect the rights of parties or witnesses, such discretion should be "sparingly exercised and then, only when unusual circumstances necessitate it" (People v Hinton, 31 NY2d 71, 76, cert den 410 US 911; see, also, United States ex rel. Bruno v Herold, 408 F2d 125, cert den 397 US 957; People v Hagan, 24 NY2d 395, cert den 396 US 886). Of course, the anonymity of an undercover officer who is involved in pending investigations in the vicinity should be preserved. Nevertheless, the important right to a public trial should not be lost based upon the unsworn or unsupported assertions of the prosecutor. Accordingly, most courts have recognized the need for a prior hearing and findings of fact before such a drastic step is undertaken (United States ex rel. Lloyd v Vincent, 520 F2d 1272, cert den 423 US 937; People v Boyd, 59 AD2d 558; People v Morales, 53 AD2d 517; People v Richards, 48 AD2d 792). Hopkins, J. P., Titone, O'Connor and Cohalan, JJ., concur.