■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CHARETTE, Appellant.—Appeal from a judgment of the County Court of St. Lawrence County, rendered March 5, 1980, convicting defendant, upon his plea of guilty, of the crime of attempted sodomy in the first degree. Following the receipt of conflicting psychiatric evaluations concerning defendant's capacity to understand the proceedings against him or to assist in his own defense, the court, in compliance with CPL 730.30 (subd 4), ordered a hearing to determine the issue of defendant's capacity to stand trial. Each of the psychiatrists who submitted reports testified. Doctor Shafer stated that defendant was unable to co-operate in his defense because he was suffering from a paranoid form of schizophrenia. Doctor Beamer testified that while the defendant was unwilling to assist in his defense, he was capable of doing so. The court concluded the hearing but ordered a third psychiatric evaluation of defendant.* On January 31, 1980, Doctor Livingston submitted a written report stating that defendant was aware of the charges and able to knowingly participate in the trial. Thereafter, the court found defendant competent to understand the proceedings against him and capable of assisting in his own defense. Plea negotiations then resulted in a guilty plea to a reduced charge of attempted sodomy in the first degree. An indeterminate sentence with a minimum of 5 years and a maximum of 10 years was imposed and this appeal ensued. Where examination reports submitted to the court show that each psychiatric examiner agrees as to the competency or lack thereof of a defendant, the court may, on its own motion, conduct a hearing to determine the issue of capacity or dangerousness. However, where, as here, the reports show lack of unanimity between or among the psychiatric examiners as to a defendant's mental condition, the court must conduct a hearing to determine those issues (CPL 730.30, subd 4). Such a mandated hearing should proceed with due regard to defendant's fundamental constitutional right to be confronted by witnesses testifying against his interest and to the right of cross-examination (cf. *Blunt v United States,* 389 F2d 545; *Hansford v United States,* 365 F2d 920). While we agree that the authority to determine the issue of capacity resides with the court and not with the psychiatrists, we cannot concur with the view that the trial court properly exercised its judicial authority when its determination was partially bottomed upon expert proof dehors the hearing record. While a

---

* It appears that CPL 730.20 (subd 5), which requires that the court automatically be provided with a third psychiatric examination report when the first two reports are not unanimous in their conclusion, was not followed.

"fitness to proceed" hearing is not a trial on the merits, it is a proceeding to adjudicate a limited and narrow issue that is almost wholly dependent on expert evidence which should be exposed to scrupulous exploration by cross-examination. Since this was not done herein, the judgment must be reversed and defendant's plea vacated. Judgment reversed, on the law, guilty plea vacated and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.