■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO ORTIZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered April 11, 1979, as amended June 3, 1980, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and sentencing him pursuant to section 60.09 of the Penal Law to an indeterminate term of 3½ to 10½ years' imprisonment. Judgment as amended reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The prosecutor's attempts during his questioning and in summation to portray defendant as a middle-level drug dealer were highly prejudicial to defendant's case and deprived him of a fair trial (*People v Blackman*, 88 AD2d 620; *People v Roberto*, 67 AD2d 687). The prosecutor's conduct was an obviously calculated attempt to shift the jury's focus away from

the primary issue in the case, namely, whether the defendant sold $100 worth of cocaine to an undercover officer on September 12, 1978. In addition we find that the trial court's ruling which permitted the prosecutor to elicit information, on cross-examination of defendant and during rebuttal, concerning a prior drug seizure at defendant's apartment was error. The probative value of the proffered evidence was clearly outweighed by its resulting prejudice since it tended to link defendant with more significant drug activity than the $100 drug sale for which he was charged (*People v Sandoval,* 34 NY2d 371; *People v Ventimiglia,* 52 NY2d 350; *People v Molineux,* 168 NY 264). In this regard, we note that while the undercover officer's rebuttal testimony concerning her conversation with the defendant a few days prior to his arrest was probative on the issue of identification, the trial court should have excluded that portion of the officer's testimony wherein she stated that during their conversation the defendant had referred to the drug seizure at his apartment. Had it done so, the trial court would have struck a proper balance between the probative value of such testimony and the prejudicial effect thereof (*People v Smalls,* 94 AD2d 777; *People v Blanchard,* 83 AD2d 905). Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.