■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAUGHN ROMAIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered September 24, 1986, convicting him of the criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The testimony of the undercover officer was heard in the cleared and closed courtroom. No hearing on the issue of closure was conducted prior thereto. "[N]o closing can be tolerated that is not preceded by an inquiry careful enough to assure that the defendant's right to a public trial is not being sacrificed for less than compelling reasons" *(People v Jones,* 47 NY2d 409, 414-415, *cert denied* 444 US 946). Such a closing is per se reversible error. The ex post facto determination by the Trial Judge that the closure was necessary, without having first inquired of the undercover officer to ascertain that preservation of his anonymity was necessary to protect his safety or utility to the police department, does not suffice to justify the prior closure *(see, People v Roberto,* 67 AD2d 687; *see also, People v Cuevas,* 50 NY2d 1022), particularly in light of the failure to provide the defense counsel with an opportunity to examine the undercover officer or even to be heard prior to a decision to close the courtroom.

We further note that the prosecutrix overstepped the

bounds of appropriate rhetorical commentary. The prosecutrix's mischaracterization of the defendant's testimony, which was intended to convince the jury that the defendant had admitted his guilt when he had not, constitutes a gross distortion, the magnitude of which was highly prejudicial (see, People v Ashwal, 39 NY2d 105, 109-110; People v La Rosa, 112 AD2d 954; see also, People v Figueroa, 80 AD2d 520, 522). Mollen, P. J., Kunzeman, Rubin and Balletta, JJ., concur.