■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS JORGE, Appellant.—Judgment of the Supreme Court, Bronx County (David Stadtmauer, J.), rendered on March 21, 1988, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to an indeterminate term of imprisonment of 20 years to life, unanimously reversed, on the law, and as a matter of discretion in the interest of justice, and the matter is remanded for a new trial.

The jury convicted appellant of the intentional murder of his rival in a romantic triangle. Appellant testified in support of his claim of self-defense. According to appellant's testimony, he first encountered Carl Muldrow, deceased, in an apartment building where Lila Graham, appellant's former girlfriend, was visiting. Appellant testified that he attempted to speak with Graham but was confronted by Muldrow, who threatened him.

As appellant left, Muldrow allegedly yelled out the window that if he did not leave Muldrow would have to use his gun: "either you are going to kill me or I am going to kill you." It should be noted that appellant is a state correction officer. The handgun was licensed, and appellant does not have a criminal record.

Appellant testified that he then drove to a store where he bought and then drank two bottles of beer. He then drove to another store where, as he was walking back to his car, he encountered Muldrow. Muldrow walked toward appellant and leaped at him from five feet away, grabbing for appellant's gun, but appellant was able to grab his gun first and push Muldrow away. Muldrow was then nine feet away and was making sideways moves in a threatening, attacking manner. Appellant was afraid that Muldrow would again try to get his gun and kill him. When Muldrow advanced on him, appellant fired.

The prosecutor impugned defendant's decision to take the stand, stating in his summation, "But it's interesting that just enough things came together that he had to take the stand and he had to give you his excuse. And the second unique thing that happened here is that he's saying to you: 'I killed him, but give me a break. * * * Don't convict me of murder; convict me of manslaughter in the first degree.' "

The prosecutor finished his summation with a biblical quote from the Book of Proverbs: "When Justice is done, it is a Joy to the righteous." He followed that quotation with the statement "be fair here but don't be fooled. Don't feel sorry for him. * * * Do your duty."

As a whole, the effects of the prosecutor's remarks in summation deprived defendant of a fair trial. The prosecutor impermissibly described defendant's justification defense as "an excuse" *(see, People v Bailey,* 121 AD2d 189, 192), and improperly suggested that defendant admitted guilt to manslaughter. *(See, People v Romain,* 137 AD2d 848.) He then impermissibly juxtaposed a biblical quotation with the exhortation to "[d]o your duty." *(See, People v Bagarozy,* 132 AD2d 225, 238; *People v Lewis,* 140 AD2d 714.) Each of these errors, standing alone, might not warrant a reversal in light of the strong evidence of appellant's guilt, but the combined prejudicial effect is to deny defendant a fair trial. *(See, People v Crimmins,* 36 NY2d 230, 242; *People v Ellis,* 94 AD2d 652, 653.) The jury should have been permitted to assess the credibility of appellant's testimony free from the prejudicial effect of the prosecutor's improper remarks.

Under the circumstances of this case, if we were not reversing, the sentence of twenty years to life is unduly harsh, and we would reduce it to fifteen years to life.

[The unpublished decision and order entered herein on February 26, 1991 is hereby recalled and vacated.] Concur—Murphy, P. J., Carro, Rosenberger and Smith, JJ.