■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGG VANCE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered October 24, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was charged with criminal sale of a controlled substance in the third degree in connection with his alleged sale of two vials of cocaine to an undercover police officer in St. Albans, Queens. At trial, before the undercover officer was called to the stand, the prosecutor requested that

the courtroom be closed to the public in view of the officer's "active" status. The trial court granted the motion over the defendant's objection, and excluded the general public as well as members of the defendant's family from the courtroom.

On appeal, the defendant contends that the trial court's "pro forma" closure of the courtroom during the undercover officer's testimony constituted reversible error. We agree. It is settled law that "no closing can be tolerated that is not preceded by an inquiry careful enough to assure * * * that the defendant's right to a public trial is not being sacrificed for less than compelling reasons" (People v Jones, 47 NY2d 409, 414-415, cert denied 444 US 946; see also, People v Clemons, 78 NY2d 48, 53). At bar, however, the record reveals that the Trial Judge summarily closed the courtroom without conducting any inquiry to ascertain whether closure was indeed necessary to protect the undercover officer's safety. Under these circumstances, we conclude that the defendant's Sixth Amendment right to a public trial was violated (see, People v Clemons, supra; People v Kin Kan, 78 NY2d 54; People v Romain, 137 AD2d 848; People v Cousart, 74 AD2d 877).

In view of the foregoing, we need not reach the defendant's remaining contentions. Bracken, J. P., Harwood, Eiber and O'Brien, JJ., concur.