■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN MATHEWS, Appellant. [607 NYS2d 738] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered August 16, 1989, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People exercised their peremptory challenges in a racially discriminatory manner is without merit *(see, Batson v Kentucky,* 476 US 79). The court properly concluded that the defendant failed to make out a prima facie showing that the prosecution purposefully excluded prospective black jurors on the basis of their race *(see, People v Childress,* 81 NY2d 263). Furthermore, although the defendant, who is black, had standing to assert that Hispanics were improperly peremptorily challenged *(see, Powers v Ohio,* 499 US 400), he could not, as was the case here, successfully argue that regardless of race, minorities in general constitute a cognizable racial group *(see, People v Smith,* 81 NY2d 875; *People v Figueroa,* 194 AD2d 551).

The defendant's motion for a separate trial was properly denied as untimely as it was made in the midst of trial, rather than prior to trial as contemplated by CPL 200.40 (1) and 255.20 *(see, People v Becker,* 189 AD2d 881). In any event, we

find no merit to the defendant's argument that he was prejudiced by the joint trial because his defense was antagonistic to that of his codefendants *(see, People v Castro-Restrepo,* 169 AD2d 454).

Under the circumstances of this case, the sentence imposed was not harsh or excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Balletta, Friedmann and Florio, JJ., concur.