(February 24, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL TORRES, Appellant. [607 NYS2d 669] —Judgment, Supreme Court, New York County (Albert Williams, J.), rendered October 30, 1991, convicting defendant, after jury trial, of criminal sale and possession of a controlled substance in the third

degree and sentencing him, as a predicate felon, to concurrent terms of 4½ to 9 years imprisonment, unanimously reversed, on the law, and a new trial is ordered.

Defendant's conviction was based primarily on the extensive testimony of an undercover police detective to whom, it was alleged, defendant had sold for $20 a glassine envelope containing cocaine. At the commencement of trial, the People moved for closure of the courtroom during the testimony of this witness, in order to protect his cover from the public. A *Hinton* hearing was held, at which the Trial Judge heard testimony of the witness, outside the earshot of the jury. Based upon the brief examination (less than two pages) by the prosecutor, the Trial Judge was satisfied that the courtroom should be closed during this witness' trial testimony, even though defense counsel was denied an opportunity to cross-examine the witness at the hearing.

A Trial Judge is granted discretion to close the courtroom to the public, for the protection of a confidential prosecution witness; but in doing so, the court must exercise that authority sparingly, and only when necessitated by unusual circumstances *(People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911). A determination of closure to protect or avoid compromise of an undercover agent must be based upon a factual showing that exception to the norm of a public trial is justified *(People v Jones,* 47 NY2d 409, 415, *cert denied* 444 US 946). That is the purpose of the *Hinton* hearing.

The constitutional right of an accused to confront and cross-examine witnesses against him is fundamental to a fair trial, and extends to preliminary hearings as well as to the trial itself *(Pointer v Texas,* 380 US 400; *see, People v Speller,* 133 AD2d 865), even though the hearing itself is not "a trial on the merits" *(People v Charette,* 78 AD2d 567, 568). In short, a hearing that precludes full participation by the defendant is no hearing at all *(see, e.g., People v Stanton,* 108 AD2d 688).

At a *Hinton* hearing, the accused cannot be deprived of his right to cross-examine the undercover agent, in order to test the witness' factual showing *(see, People v Martinez,* 82 NY2d 436, 442). A determination of that issue after foreclosure of defendant's right to cross-examine constitutes reversible error, warranting a new trial *(People v Romain,* 137 AD2d 848). Concur—Murphy, P. J., Rosenberger, Wallach, Asch and Williams, JJ.