■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK POINTER, Appellant. [691 NYS2d 319] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered July 22, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The prosecutor's mischaracterization of the defendant's testimony, which was intended to convince the jury that the defendant had admitted his guilt when in fact he had not, constituted a gross distortion, the magnitude of which was highly prejudicial (*see, People v Romain,* 137 AD2d 848; *People v Pauli,* 130 AD2d 389). The error cannot be deemed harmless, as the proof of the defendant's guilt, while legally sufficient to support his conviction, was not overwhelming. Joy, Goldstein and Schmidt, JJ., concur.

Santucci, J. P., dissents and votes to affirm the judgment of conviction, with the following memorandum: In order to preserve a challenge to opposing counsel's comments during summation, a defendant must object to the remarks, seek curative instructions, or move for a mistrial (*see,* CPL 470.05 [2]; *People v Yates,* 207 AD2d 567). In this case, the defendant made only one, generalized objection to the prosecutor's comments that his testimony constituted an admission of the crime. Accordingly, the issue is unpreserved for appellate review (*see, People v Nuccie,* 57 NY2d 818; *People v Acevedo,* 156 AD2d 569).

Furthermore, contrary to the majority's conclusion, the evidence against the defendant was overwhelming, and a review of the summation comments in the exercise of our interest of justice jurisdiction is therefore not warranted (*see generally, People v Crimmins,* 36 NY2d 230; *People v Ingram,* 258 AD2d 533; *People v Fleury,* 106 AD2d 460).