THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BODDEN, Appellant. [918 NYS2d 141]—

According to the People's witnesses, on February 12, 2007, the defendant slapped Sade Bell in the face outside of a car dealership in Queens. Bell and a group of friends later confronted the defendant at his home, and the defendant went into his house and brought out a gun. Bell and her friends got into a car and were speeding away when the defendant allegedly fired several shots at the car.

The defendant was convicted, after a jury trial, of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, reckless endangerment in the first degree, and harassment in the second degree. Before imposing sentence, the trial court noted on the record that it was troubled by defense counsel's performance during the trial, and set forth in detail the basis for its belief that the defendant had a viable appellate claim of ineffective assistance of counsel.

Before the defendant's appeal from the judgment of conviction had been perfected in this Court, the defendant moved in the Supreme Court pursuant to CPL 440.10 to vacate the judgment on the ground of ineffective assistance of counsel. The Supreme Court denied the motion pursuant to CPL 440.10 (2) (b) on the ground that the record on the defendant's direct appeal from the judgment was sufficient to adequately review the issues he raised on the motion. This Court granted the defendant leave to appeal from the order denying the CPL 440.10 motion, and subsequently consolidated the appeals from the judgment and the order. We reverse the judgment on the direct appeal, and dismiss the appeal from the order as academic in light of this determination.

A criminal defendant is guaranteed the effective assistance of counsel under both the federal and the state constitutions (see US Const Amend VI; NY Const, art I, § 6; People v Turner, 5 NY3d 476, 479 [2005]). Under the federal standard for ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (Strickland v Washington, 466 US 668, 694 [1984]). Under the state standard, which has been called "somewhat more favorable to defendants" (People v Turner, 5 NY3d at 480), the constitutional requirements for the effective assistance of counsel "are met when the defense attorney provides meaningful representation" (People v Stultz, 2 NY3d 277, 279 [2004] [internal quotation marks omitted]; see People v Baldi, 54 NY2d 137 [1981]). The state standard focuses on "the fairness of the process as a whole rather than its particular impact on the outcome of the case" (People v Benevento, 91 NY2d 708, 714 [1998]; People v Georgiou, 38 AD3d 155, 161 [2007] [internal quotation marks omitted]). "In reviewing claims of ineffective assistance care must be taken to 'avoid both confusing true ineffectiveness [of counsel] with mere losing tactics and according undue significance to retrospective analysis' " (People v Satterfield, 66 NY2d 796, 798 [1985], quoting People v Baldi, 54 NY2d 137, 146 [1981]).

In this case, the cumulative effect of the defendant's counsel's conduct throughout the trial violated the defendant's constitutional right to meaningful representation. During jury selection, counsel made statements in front of prospective jury members which had the effect of distancing himself from the defendant. Counsel failed to cross-examine an eyewitness to exploit weaknesses in his direct testimony, and while cross-examining another witness, he used an anachronistic and potentially offensive term to describe the race of one of the persons allegedly present at the time that the defendant was arrested. Counsel declined the court's invitation to inspect photographs sought to be introduced by the People, while acknowledging that he had not seen them before. Counsel offered to stipulate that a witness was "an expert on whatever you want him to testify to," even though the witness was a fact witness. When the People called another witness, counsel offered to stipulate to his entire testimony, even though counsel acknowledged that he had "no idea what the witness was going to testify to." Defense counsel's interruptions led the court to admonish counsel, in front of the jury, on more than one occasion. During the defendant's case, counsel called the defendant's mother to the stand in an at-

tempt to introduce a letter into evidence. After the court ruled that the letter was inadmissible, counsel concluded his examination of the mother without asking her any questions about the shooting, even though she allegedly was an eyewitness to it. As the trial court observed, this created an inference that her testimony regarding the shooting would have been unfavorable to the defendant. Although it became clear during the People's case that a material witness would not be called to testify, counsel's untimely request for a missing witness charge, not made until after the defense had rested, prejudiced the defendant (*see People v Carr*, 14 NY3d 808, 809 [2010]). During counsel's summation, although he made some cursory observations about the People's evidence, he focused much of his presentation on the role of a jury in a democracy. While rhetoric designed to inspire the jury might be strategic in some cases, here there were serious weaknesses in the People's evidence that counsel failed to call to the jury's attention. During the prosecutor's summation, counsel failed to object to, inter alia, comments which implied that the defendant's character increased the likelihood that he committed the charged crimes (*see People v Ciervo*, 123 AD2d 393, 396 [1986]).

Under these circumstances, the defendant was deprived of the effective assistance of counsel and, therefore, is entitled to a new trial. Covello, J.P., Lott, Roman and Miller, JJ., concur.