Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that he was deprived of the right to a fair trial because the prosecutor commented in summation about his post-arrest silence is unpreserved for appellate review (see CPL 470.05 [2]; People v Kinard, 96 AD3d 976, 977 [2012]). Nonetheless, upon the exercise of our interest of justice jurisdiction, we conclude that the contested summation remarks were improper (see People v Tucker, 87 AD3d 1077, 1078 [2011]). A defendant has “the constitutional right to remain silent at the time of his [or her] arrest (NY Const, art I, § 6; US Const 5th Amend) and his [or her] exercise of that right at or after his [or her] arrest cannot be used by the People as part of their direct case” (People v Basora, 75 NY2d 992, 993 [1990]; see People v Conyers, 49 NY2d 174, 177 [1980]). “ ‘[A]n individual’s pretrial failure to speak when confronted by law enforcement officials is of extremely limited probative worth’ while ‘the risk of prejudice is substantial’ ” (People v Tucker, 87 AD3d at 1078, quoting People v Conyers, 52 NY2d at 458-459).
Here, the prosecutor stated in summation, among other *753 things, that at the time of the defendant’s arrest, he looked “[disappointed,” which is “not how an innocent person is going to react being told he’s being charged with murder,” commented on the defendant’s failure at that time to question the charges, stated that the defendant looked “distracted” during a car ride to the police station, which is “the reaction of a guilty man who knows he’s been caught,” and stated that when questioned in the police station, the defendant “smile[d].” Contrary to the People’s contention, “the defendant’s mere denial of his involvement in the shooting upon arrest was not tantamount to a waiver of his right to remain silent so as to render the Conyers proscription inapplicable” (People v Santiago, 119 AD2d 775, 776 [1986]). “Indeed, as the Court of Appeals has acknowledged, ‘the State is denied the right to draw adverse inferences from the fact that a defendant has maintained an effective silence, even if something less than totaV ” (People v Tucker, 87 AD3d at 1079, quoting People v Savage, 50 NY2d 673, 680 [1980], cert denied 449 US 1016 [1980]). Further, by making certain ambiguous remarks when questioned at the police station, the defendant did not “proceed[ ] to narrate the essential facts of his involvement in the crime” (People v Savage, 50 NY2d at 676). Thus, it was inappropriate for the prosecutor to comment on the defendant’s silence and demeanor as evidence of a consciousness of guilt (see People v Tucker, 87 AD3d at 1077; People v Basora, 75 NY2d 992 [1990]). Since the evidence in this single eyewitness identification case was not overwhelming (see People v Berry, 49 AD3d 888, 889 [2008]), the errors were not harmless (cf. People v Morgan, 66 NY2d 255, 259 [1985], cert denied 476 US 1120 [1986]; People v Balls, 118 AD2d 887, 889 [1986]).
Additionally, we agree with the defendant that, under the particular circumstances of this case, he was deprived of the effective assistance of counsel. The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions (see US Const Amend VI; NY Const, art I, § 6; People v Turner, 5 NY3d 476, 479 [2005]). “Under the federal standard for ineffective assistance of counsel, a defendant must show that his or her attorney’s performance fell below an objective standard of reasonableness, and that ‘there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different’ ” (People v Bodden, 82 AD3d 781, 783 [2011], quoting Strickland v Washington, 466 US 668, 694 [1984]). Under the state standard, “the constitutional requirements for the effective assistance of counsel ‘are met when the defense attorney provides meaningful representation’ ” (People v Bodden, 82 AD3d at 783, quoting People v *754 Stultz, 2 NY3d 277, 279 [2004]). “ ‘In reviewing claims of ineffective assistance^] care must be taken to “avoid both confusing true ineffectiveness [of counsel] with mere losing tactics and according undue significance to retrospective analysis” ’ ” (People v Clermont, 95 AD3d 1349, 1350-1351 [2012], quoting People v Satterfield, 66 NY2d 796, 798 [1985]).
Here, the defendant was accused of fatally shooting an individual at around 3:00 a.m. on July 15, 2007. At trial, defense counsel elicited testimony from several prosecution witnesses regarding another shooting that occurred on July 15, 2007, shortly before 1:30 a.m., just two blocks away from the subject shooting, and that two individuals other than the defendant had told a prosecution witness that they committed the earlier shooting. Defense counsel deliberately elicited this testimony even after having been advised by the trial court that doing so would open the door to the prosecutor eliciting testimony on redirect examination that the defendant had pleaded guilty to assault in the third degree in connection with the earlier shooting. Thus, defense counsel knowingly caused the jury to be presented with highly prejudicial testimony concerning an unrelated act of gun violence to which the defendant had pleaded guilty, which improperly suggested to the jury that the defendant had a propensity for gun violence and had shot someone else within two hours of the subject shooting (see People v Gavalo, 87 AD3d 1014, 1015 [2011]). Further, defense counsel compounded the prejudice of this testimony by failing to request a limiting instruction (see id.). Defense counsel also was deficient in failing to raise objections to testimony elicited at trial concerning the defendant’s post-arrest silence or to the prosecutor’s improper summation remarks based upon that testimony (cf. People v Brown, 266 AD2d 838, 839 [1999]). The cumulative effect of defense counsel’s errors deprived the defendant of the effective assistance of counsel (see People v Danraj, 75 AD3d 651, 652 [2010]; People v Brown, 300 AD2d 314, 315 [2002]). Accordingly, the judgment must be reversed and a new trial ordered for this reason as well. In light of our determination, the defendant’s contention that his sentence was excessive has been rendered academic.
The defendant’s remaining contention is unpreserved for appellate review and, in any event, without merit. Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.