*1145 The defendant’s contention that the evidence was legally insufficient to support his conviction of burglary in the second degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, the County Court properly admitted evidence of his prior burglary convictions, without the underlying facts of those convictions, since that evidence was relevant to the issue of his intent, and its probative value outweighed its prejudicial effect (see People v Molineux, 168 NY 264 [1901]; People v Alvino, 71 NY2d 233 [1987]; People v Alke, 90 AD3d 943, 944 [2011]).
However, we agree with the defendant that, under the particular circumstances of this case, he was deprived of the effective assistance of counsel. A criminal defendant is guaranteed the right to effective assistance of counsel by the United States and New York Constitutions (see US Const Amend VI; NY Const, art I, § 6; People v Turner, 5 NY3d 476, 479 [2005]; People v Bodden, 82 AD3d 781, 783 [2011]). “Under the federal standard for ineffective assistance of counsel, a defendant must show that his or her attorney’s performance fell below an objective standard of reasonableness, and that ‘there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different’ ” (People v Bod- *1146 den, 82 AD3d at 783, quoting Strickland v Washington, 466 US 668, 694 [1984]; see People v McArthur, 101 AD3d 752 [2d Dept 2012]). “Under the state standard, which has been called ‘somewhat more favorable to defendants’ (People v Turner, 5 NY3d at 480), the constitutional requirements for the effective assistance of counsel ‘are met when the defense attorney provides meaningful representation’ ” (People v Bodden, 82 AD3d at 783, quoting People v Stultz, 2 NY3d 277, 279 [2004]; see People v Baldi, 54 NY2d 137 [1981]).
Here, the defendant, in his omnibus motion, requested that the court conduct a Sandoval hearing (see People v Sandoval, 34 NY2d 371 [1974]). Although the court scheduled a Sandoval hearing for the day before jury selection was to commence, the defendant thereafter waived his right to a jury trial and the hearing never took place. The prosecutor attempted during the People’s direct case to obtain a Sandoval ruling from the court. However, defense counsel requested that the court not make any ruling regarding the permissible bounds of the prosecutor’s cross-examination of the defendant’s prior convictions for burglary until after the defendant had completed his testimony. The purpose of a Sandoval hearing, however, is to provide the defendant with “definitive advance knowledge of the scope of cross-examination as to prior conduct to which he will be subjected” so that he can “decide whether to take the witness stand” (People v Sandoval, 34 NY2d at 375; see People v Morales, 308 AD2d 229, 232 [2003]). As a result of defense counsel’s error, the defendant testified without the benefit of a Sandoval ruling. Further, defense counsel failed to raise any objections to the prosecutor’s cross-examination of the defendant regarding the underlying facts of his prior burglary convictions, which were similar in certain aspects to those of the instant offense. Under the circumstances, we find that the defendant was denied the effective assistance of counsel based on counsel’s failure to request a Sandoval ruling (cf. People v Oglesby, 137 AD2d 840 [1988]).
Accordingly, the judgment must be reversed and the matter remitted to the County Court, Suffolk County, for a new trial.
In light of our determination, we need not reach the defendant’s remaining contentions raised in his pro se supplemental brief. Skelos, J.P., Hall, Roman and Cohen, JJ., concur.