Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered May 21, 2009, convicting him of course of sexual conduct against a child in the *851 first degree, course of sexual conduct against a child in the second degree, criminal sexual act in the second degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.
The defendant was charged with committing various sexual offenses against his paramour’s 5-year-old son, 11-year-old daughter, and 12-year-old daughter (hereinafter collectively the complainants). After a jury trial, the defendant was convicted of course of sexual conduct against a child in the first and second degrees, criminal sexual act in the second degree, and two counts of endangering the welfare of a child.
The defendant’s challenge to the legal sufficiency of the evidence supporting his convictions, raised in his main brief and pro se supplemental brief, is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Contrary to the defendant’s contention, the complainants’ testimony was not incredible or otherwise unworthy of belief (see People v Marcus, 112 AD3d 652 [2d Dept 2013]; People v Hinds, 13 AD3d 554 [2004]; People v Ross, 262 AD2d 429 [1999]). Further, the fact that the defendant was acquitted on counts one and two, charging him with sexual abuse in the first degree (see Penal Law §§ 130.00 [3]; 130.65 [3]), did not undermine the weight of the evidence supporting the jury’s conviction on count three, charging him with endangering the welfare of a child (see Penal Law § 260.10 [1]; People v Rayam, 94 NY2d 557, 563 [2000]; People v Allen, 89 AD3d 741, 742 [2011]; cf. People v Otway, 71 AD3d 1052 [2010]; People v Franco, 11 AD3d 710 [2004]).
The defendant’s contention in his main brief that the direct *852 testimony of the People’s expert on child sexual abuse accommodation syndrome exceeded permissible bounds and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05 [2]; People v Goodman, 21 AD3d 906, 907 [2005]) and, in any event, is without merit (see People v Diaz, 20 NY3d 569, 575-576 [2013]; People v Spicola, 16 NY3d 441, 466 [2011], cert denied 565 US —, 132 S Ct 400 [2011]; cf. People v Williams, 20 NY3d 579, 583, 585 [2013]). Moreover, defense counsel’s failure to object to the admission of this testimony did not constitute ineffective assistance of counsel (see People v Stultz, 2 NY3d 277, 287 [2004]; People v McFarlane, 106 AD3d 836, 837 [2013]).
The defendant further contends in his main brief that certain testimony repeating the female complainants’ disclosures of his offenses and describing the female complainants’ demeanor at the time of the disclosures was irrelevant and constituted improper bolstering. These contentions are also unpreserved for appellate review (see CPL 470.05 [2]; People v Flowers, 95 AD3d 1233, 1234 [2012]; People v Santiago, 16 AD3d 600, 600 [2005]) and, in any event, are without merit. The testimony did not exceed the allowable level of detail concerning the alleged incidents permitted under the prompt outcry exception to the rule against hearsay (see People v Rosario, 17 NY3d 501, 511 [2011]; People v McDaniel, 81 NY2d 10, 17-18 [1993]; People v Bernardez, 63 AD3d 1174, 1175 [2009]), and the defendant does not argue that the disclosures were not sufficiently prompt to qualify as evidence of prompt outcry. Since the defendant did not raise a meritorious challenge to the admissibility of the testimony under the prompt outcry exception to the rule against hearsay, the concept of bolstering is inapplicable (see People v Spicola, 16 NY3d at 452-453; People v Buie, 86 NY2d 501, 509-511 [1995]; People v Farrell, 228 AD2d 693, 694 [1996]; People v Williams, 181 AD2d 474, 477 [1992]). Moreover, contrary to the defendant’s contention, the challenged testimony was relevant to corroborate the allegations that the abuse took place (see People v McDaniel, 81 NY2d at 16; People v Shepherd, 83 AD3d 1298, 1300 [2011]; People v Miller, 78 AD3d 733, 734 [2010]; People v Jones, 188 AD2d 364 [1992]), and to complete the witnesses’ narrative of the events (see People v Ludwig, 104 AD3d 1162, 1162-1163 [2013], lv granted 21 NY3d 1043 [2013]; People v Rosario, 100 AD3d 660, 661 [2012]). In light of the foregoing, defense counsel was not ineffective for failing to object to the testimony (see People v Stultz, 2 NY3d at 287; People v McFarlane, 106 AD3d at 837).
However, the cumulative effect of the prosecutor’s improper comments during summation requires a new trial. Although the *853 defendant’s contention, raised in his main brief and pro se supplemental brief, that certain comments made by the prosecutor on summation deprived him of a fair trial, is unpreserved for appellate review (see CPL 470.05 [2]; People v Alexander, 100 AD3d 649, 649-650 [2012]), under the circumstances of this case, we nevertheless review the contention in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]; People v Spann, 82 AD3d 1013, 1015 [2011]).
In summing up, a prosecutor “must stay within the four corners of the evidence and avoid irrelevant and inflammatory comments which have a tendency to prejudice the jury against the accused” (People v Spann, 82 AD3d at 1015 [internal quotation marks omitted]; see People v Ashwal, 39 NY2d 105, 109 [1976]). At trial, the defendant presented evidence concerning his cooperation with law enforcement authorities in drug cases against the complainants’ mother to establish that the complainants had a motive to fabricate their allegations against him. During summation, the prosecutor improperly referred to such evidence as “an elaborate attempt to distract [the jury] from the real issues in this case” (see People v Spann, 82 AD3d at 1015; People v Pagan, 2 AD3d 879, 880 [2003]; People v Ortiz, 125 AD2d 502, 503 [1986]). The prosecutor also inaccurately stated that the defendant, who had testified on his own behalf, needed “a clarification about which child’s vagina he did or did not touch,” when the defendant, in fact, had asked whether the question concerned his paramour, the complainants’ mother. In addition, the prosecutor made an irrelevant and inflammatory argument intended to convince the jury that the defendant’s denials of the sexual abuse allegations in the indictment were implicit admissions that he had abused the complainants outside the periods of time designated for the charged crimes (see People v Anderson, 83 AD3d 854, 857 [2011]; People v Pointer, 262 AD2d 505 [1999]; People v Jorge, 171 AD2d 498 [1991]). Furthermore, the prosecutor impugned the defendant’s right to testify and improperly suggested that he lied on the stand, when she referred to him as “an opportunist” who “took the stand, and . . . said what he thought he had to save himself” (see People v Brown, 26 AD3d 392, 393 [2006]; People v Jorge, 171 AD2d at 498-499; People v Torriente, 131 AD2d 793, 794 [1987]). Finally, the prosecutor impermissibly vouched for the credibility of a witness based on his position as a law enforcement officer (see People v Moye, 12 NY3d 743, 744 [2009]; People v Anderson, 83 AD3d at 856; People v Collins, 12 AD3d 33, 37 [2004]). The cumulative effect of these improper comments deprived the defendant of a fair trial (see People v Riback, 13 NY3d 416, 423 [2009]; People v Calabria, 94 NY2d 519, 523 [2000], affd 3 NY3d 80 [2004]; People v Spann, 82 AD3d at 1016).
*854 Additionally, for the following reasons, we find that the defendant was deprived of the effective assistance of counsel. The defendant’s contention, raised in his main brief and pro se supplemental brief, is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a “ ‘mixed claim[ ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). However, in this case, it is evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]).
The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions (see US Const Amend VI; NY Const, art I, § 6; People v Turner, 5 NY3d 476, 479 [2005]). “Under the federal standard for ineffective assistance of counsel, a defendant must show that his or her attorney’s performance fell below an objective standard of reasonableness, and that ‘there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different’ ” (People v Bodden, 82 AD3d 781, 783 [2011], quoting Strickland v Washington, 466 US 668, 694 [1984]). Under the state standard, “the constitutional requirements for the effective assistance of counsel ‘are met when the defense attorney provides meaningful representation’ ” (People v Bodden, 82 AD3d at 783, quoting People v Stultz, 2 NY3d 277, 279 [2004]). “ ‘In reviewing claims of ineffective assistance care must be taken to avoid both confusing true ineffectiveness [of counsel] with mere losing tactics and according undue significance to retrospective analysis’ ” (People v Clermont, 95 AD3d 1349, 1350-1351 [2012], quoting People v Satterfield, 66 NY2d 796, 798 [1985]; see People v McArthur, 101 AD3d 752, 753-754 [2012]).
Here, the complainants gave detailed testimony regarding the sexual acts allegedly committed by the defendant, which included oral sexual conduct, sexual contact between two males, and reciprocal contact. During cross-examination by defense counsel, the People’s expert on child sexual abuse accommodation syndrome offered testimony that the truthfulness of a child’s disclosure of sexual abuse could be analyzed by looking at whether the content is specific and not age-appropriate knowledge. Despite the fact that this testimony was inadmissible (see generally De Long v County of Erie, 60 NY2d 296, 307 [1983]), and favorable to the People, defense counsel inexplicably asked the expert to elaborate, eliciting highly damaging *855 testimony that a child’s allegations of oral sexual conduct, sexual contact between males, or reciprocal contact would be “rather unique and idiosyncratic,” and more believable than “just a global statement that I was touched.” Thus, defense counsel intentionally elicited inadmissible and unduly prejudicial testimony during cross-examination (see People v Zaborski, 59 NY2d 863 [1983]; People v McArthur, 101 AD3d at 754; People v Gavalo, 87 AD3d 1014, 1015 [2011]). Defense counsel also was deficient in failing to object to the prosecutor’s improper remarks during summation (see People v Fisher, 18 NY3d 964, 967 [2012]; People v McArthur, 101 AD3d at 754). The cumulative effect of defense counsel’s errors deprived the defendant of the effective assistance of counsel (see People v McArthur, 101 AD3d at 754). Accordingly, the judgment must be reversed and a new trial ordered for this reason as well.
In light of our determination, the defendant’s contention that the sentence imposed was excessive has been rendered academic.
The defendant’s contentions in his pro se supplemental brief concerning the indictment are unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, are either academic in light of the fact that the defendant was not convicted of the counts at issue (see People v Marquez, 82 AD3d 1123, 1124 [2011]; People v Monday, 309 AD2d 977, 980 [2003]), or without merit. Moreover, the Supreme Court did not improvidently exercise its discretion in limiting the defendant’s cross-examination of the oldest complainant about irrelevant or marginally relevant matters (see People v Rivera, 98 AD3d 529, 529 [2012]; People v Plumey, 255 AD2d 462, 462 [1998]). Contrary to the defendant’s further contention in his pro se supplemental brief, the prosecutor accurately summarized the testimony of the oldest complainant. The defendant’s contentions in his pro se supplemental brief relating to an alleged Brady violation (see Brady v Maryland, 373 US 83 [1963]) and the court’s failure to conduct a hearing with respect to alleged subpoena-tampering are based on matter dehors the record. The remaining contentions raised in the defendant’s pro se supplemental brief are unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit.
Accordingly, we reverse the judgment and order a new trial. Rivera, J.P, Angiolillo, Hall and Cohen, JJ., concur.