■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL HALL, Appellant. [991 NYS2d 114]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered February 2, 2009, convicting him of robbery in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The defendant's contention that the evidence was legally insufficient to support his conviction of resisting arrest is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt.

However, we agree with the defendant that, under the particular circumstances of this case, he was deprived of the effective assistance of counsel. A criminal defendant is guaranteed the right to effective assistance of counsel by the United States and New York Constitutions (*see* US Const Amend VI; NY Const, art I, § 6; *People v Turner*, 5 NY3d 476, 479 [2005]; *People v Bodden*, 82 AD3d 781, 783 [2011]). "Under the federal standard for ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness, and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different' " (*People v Bodden*, 82 AD3d at 783, quoting *Strickland v Washington*, 466 US 668, 694 [1984]; *see People v McArthur*, 101 AD3d 752, 753 [2012]). Under the state standard, which has been called " 'somewhat more favorable to defendants' " (*People v Bodden*, 82 AD3d at 783, quoting *People v Turner*, 5 NY3d at 480), the defendant must show that the defense attorney failed to provide "meaningful representation" (*People v Stultz*, 2 NY3d 277, 279 [2004]; *see People v Baldi*, 54 NY2d 137, 147 [1981]).

In this case, based solely on the complainant's identification, the defendant and his codefendant were charged with robbery in the first degree and robbery in the second degree in connection with a robbery that occurred on November 6, 2005. The same indictment also separately charged the defendant with

four drug offenses and resisting arrest, stemming from his arrest at his mother's home on January 16, 2006, despite the fact that the drug and resisting arrest charges had no connection to the November 6, 2005, robbery. Defense counsel failed to make an on-the-record pretrial motion to sever the robbery charges from the other charges and did not raise the issue at trial, and the defendant was tried on all counts in the indictment. It was only at sentencing, after the defendant was convicted of robbery in the first degree, two drug counts, and resisting arrest, that defense counsel argued on the record that the defendant should not have been charged in the same indictment with both the robbery and drug counts. Contrary to the People's contention, the charges stemming from the robbery were not joinable, pursuant to CPL 200.20 (2) (b), to the charges stemming from the defendant's arrest, as the proof relating to the robbery was not material and admissible as evidence upon the trial of the charges stemming from the defendant's arrest (cf. *People v Salnave*, 41 AD3d 872, 873 [2007]). As a result of defense counsel's error, the same jury that heard evidence regarding the robbery also heard voluminous evidence concerning the defendant's arrest and the large quantity of drugs found in his mother's home. Consequently, the jury could have inferred that the robbery at issue was committed for a drug-related purpose, and it is probable that the improper joinder tainted the jury's evaluation of the separate, unrelated incidents (*see People v Chestnut*, 19 NY3d 606, 613 [2012]). Under the circumstances presented here, the defendant was deprived of the effective assistance of counsel, based on defense counsel's failure to make a proper pretrial motion to sever the charges of robbery from the drug charges.

Accordingly, the judgment must be reversed and the matter remitted to the Supreme Court, Queens County, for a new trial.

The defendant's remaining contentions are without merit. Eng, P.J., Leventhal, Lott and Roman, JJ., concur.