■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NISIM DAVYDOV, Appellant. [43 NYS3d 74]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered October 4, 2013, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

The defendant and the codefendants, Emanuel Gurgov, Marik Kravchenko, and David Davydov, were charged with assaulting Sergey Yusupov with baseball bats outside of a pizzeria in Queens on October 27, 2011. After a joint jury trial, the defendant was convicted of assault in the second degree.

Contrary to the defendant's contention, the Supreme Court did not err in declining to submit to the jury the lesser-included offense of assault in the third degree, since no reasonable view of the evidence would have supported a finding that the defendant committed assault in the third degree but did not commit assault in the second degree (*see* CPL 1.20 [37]; 300.50 [1]; *see generally People v Glover*, 57 NY2d 61 [1982]).

However, under the circumstances presented, we agree with the defendant that he was deprived of his right to effective assistance of counsel due to the cumulative effect of defense counsel's failure to seek a severance of the defendant's trial from that of codefendant David Davydov once it became clear that they were pursuing antagonistic defenses, and failure to request a missing witness charge for an eyewitness who was not called to testify at trial (*see People v Mehmood*, 112 AD3d 850 [2013]; *see also People v Mahboubian*, 74 NY2d 174 [1989]; *People v Gonzalez*, 68 NY2d 424 [1986]; *cf. People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The right to effective assistance of counsel is guaranteed by the federal and state constitutions (*see* US Const Amend VI; NY Const, art I, § 6; *People v Turner*, 5 NY3d 476, 479 [2005]). "Under the federal standard for ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness, and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (*People v Bodden*, 82 AD3d 781, 783 [2011], quoting *Strickland v Washington*, 466 US 668, 694 [1984]). Under the state standard, a court must examine whether "'the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation'" (*People v Oliveras*, 21 NY3d 339, 346 [2013], quoting *People v Baldi*, 54 NY2d at 147; *see People v Benevento*, 91 NY2d at 712). In reviewing claims of ineffective assistance, "care must be taken to avoid both confusing true ineffectiveness [of counsel] with mere losing tactics and according undue significance to retrospective analysis" (*People v Satterfield*, 66 NY2d 796, 798 [1985] [internal quotation marks omitted]; *see People v McArthur*, 101 AD3d 752, 753-754 [2012]). Moreover, to prevail on a claim of ineffective assistance of counsel, a defendant must "'demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings'" (*People v Taylor*, 1 NY3d 174, 176 [2003], quoting *People v Benevento*, 91 NY2d at 712). Where a defendant fails to carry that burden, "it will be presumed that counsel acted in a competent manner and exercised professional judgment" (*People v Taylor*, 1 NY3d at 177 [internal quotation marks omitted]).

Where a defendant claims prejudice as a result of a joint trial because his defense is antagonistic to that of a codefendant, "severance is not required solely because of hostility between the parties, differences in their trial strategies or inconsistencies in their defenses" (*People v Mahboubian*, 74 NY2d at 184 [internal quotation marks omitted]). However, "severance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt" (*id.*). Thus, severance should be granted where the defenses are not only antagonistic, but also mutually exclusive and irreconcilable (*see id.* at 185-186). Although a severance motion must generally be made before the commencement of trial (*see* CPL 200.40 [1]; 255.20 [1]; *People v*

*Mathews*, 201 AD2d 588 [1994]), CPL 255.20 (3) permits a pretrial motion to be made and decided "at any-time before the end of trial" when "the defendant could not, with due diligence, have been previously aware" of the basis for the motion. CPL 255.20 (3) further provides that the court may, "in the interest of justice, and for good cause shown," entertain and dispose of a pretrial motion "at any time before sentence."

Here, the record reveals that throughout the trial, counsel for David Davydov pursued a defense which was antagonistic to that of the defendant. This was evident during his opening statement, his cross-examination of Yusupov, and his summation, during which he presented a theory that the defendant had called David Davydov, who was his uncle, to the scene to mediate a business dispute between the defendant and Yusupov, and further theorized that this dispute involved the defendant's desire to have Yusupov participate in a fraudulent medical scheme involving the operation of a medical center. Counsel's statements also indicated that when David Davydov arrived at the scene of the incident, he observed the defendant in an altercation and intervened. This defense was clearly antagonistic to the theory of the defendant's defense, which essentially was that Yusupov was incredible in his entire account of the events, that the defendant was Yusupov's friend who was merely at the scene, and that the defendant did not act in concert with the codefendants in assaulting Yusupov. We find that these defenses were irreconcilably in conflict, and that this conflict alone could have lead the jury to infer the defendant's guilt (*see People v Mahboubian*, 74 NY2d at 184). We find no legitimate strategic reason for defense counsel's failure to request a severance of the defendant's trial from that of the codefendant David Davydov as soon as it became clear that their defenses were antagonistic (*see* CPL 255.20 [3]; *People v Nixon*, 77 AD3d 1443, 1444 [2010]).

We also find that the defendant was denied effective assistance of counsel due to counsel's failure to request a missing witness charge for Jacob Aminov.

"Under certain circumstances, the failure of a party to produce at trial a witness who presumably has evidence that would elucidate the transactions, requires a trial court, upon a timely request, to instruct the jury that an unfavorable inference may be drawn from the failure of the party to call such witness" (*People v Gonzalez*, 68 NY2d at 427 [internal quotation marks omitted]). The failure to produce a witness at trial, standing alone, is insufficient to justify a missing witness charge, "[r]ather, it must be shown that the uncalled witness is

knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that the witness is available to such party" (*id.* at 427). The fact that a witness is equally available to both sides, standing alone, is insufficient to defeat a timely request for the charge. Rather, it must also be demonstrated that the witness is not in the control of the party who would have been expected to call him (*see id.* at 429). The necessity of a missing witness charge is further underscored in a case where an uncalled witness would have provided testimony unfavorable to the party who would have been expected to call the witness (*see People v Badine*, 301 AD2d 178 [2002]).

Here, the record revealed that Aminov, who was a friend and business associate of Yusupov, was inside the pizzeria while Yusupov met with the defendant and others, and was nearby, in the defendant's car, when the assault occurred. Contrary to the People's contention, the record reveals that Aminov was knowledgeable about a material issue in the case, could have provided first-hand noncumulative testimony regarding the subject incident, and was available to be called as a witness. The record also reveals that Aminov had previously stated that, during the initial confrontation, it was Yusupov who threw the first punch. Thus, a missing witness charge would have been appropriate, and we find no legitimate strategic reason for defense counsel's failure to seek a charge instructing the jury that an unfavorable inference could be drawn from the People's failure to call Aminov as a witness.

Under the circumstances presented, we find that the defendant was deprived of his right to effective assistance of counsel due to the cumulative effect of defense counsel's errors in failing to seek a severance of the defendant's trial from that of the codefendant David Davydov, and his failure to request a missing witness charge. Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.